IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD CARTER, )
      Plaintiff, ) Civil Action No. 16-7Erie
)
v. ) District Judge Rothstein
)
KATHLEEN KANE, et al, ) Magistrate Judge Baxter
      Defendants. )

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.     RECOMMENDATION

It is hereby recommended that the motions for leave to proceed *in forma pauperis* [ECF No. 2; ECF No. 4; ECF No. 8; ECF No. 11; ECF No. 21; and ECF No. 22] are GRANTED.

It is further recommended that several Defendants be dismissed as the claims against them are legally frivolous in accordance with 28 U.S.C. § 1915(e). The claims against Defendants Colville, Zapalla, Capristo, Streily, Kaye, Dugan, Wabby, Prehus, Ivory, Brown, Mericli, Brennan, Dr. Rozin, Glenn, and Detectives Wolfson and Foote should be dismissed as frivolous and these Defendants should be terminated from the docket.

II.     REPORT

    A. Procedural History

This civil rights action was received in this Court on January 7, 2016.[1] Thereafter, Plaintiff filed a motion for leave to proceed *in forma pauperis*.

---

[1] Since the filing of this original case, Plaintiff has filed six other cases in this Court. C.A. No. 16-31E, C.A. No. 16-32E, C.A. No. 16-33E, C.A. No. 16-34E, C.A. No. 16-35E, and C.A. 16-36E.

1

As part of the screening process on a motion for *in forma pauperis* status, the Court must review the complaint. Plaintiff's original complaint was twenty four pages in length and provided a lengthy narrative beginning in 1995 with Plaintiff's arrest and conviction and continued to the present day. In his attempt to pursue myriad constitutional and civil rights, Plaintiff named seventy-four individuals and entities as Defendants to this action.

In screening Plaintiff's original complaint this Court identified several deficiencies (including statute of limitations and absolute immunity), and by Order dated February 24, 2016, Plaintiff was directed to file an amended complaint. ECF No. 9. The Order specifically warned that the "amended complaint must be complete in all respects" and "must be a new pleading which stands by itself." Id. Instead of filing a single all-inclusive amended complaint as directed by this Court, Plaintiff filed three separate amended complaints, currently docketed at ECF Nos. 14-1 and 14-2 (Parts One and Two of Complaint One), ECF No. 14-3 (Complaint Two) and ECF No. 14-4 (Complaint Three).[2]

By Order dated April 20, 2016, Plaintiff was again directed to file a single amended complaint, or risk dismissal of this action. ECF No. 16.

On May 9, 2016, Plaintiff filed the present Amended Complaint. This pleading is fifty-six pages in length, adds multiple new Defendants, and suffers from many of the same deficiencies previously outlined by this Court. Because Plaintiff has been given two opportunities to amend, this Court will accept this Amended Complaint but must recommend the dismissal of many claims against many of the named Defendants.

### B. Standards of Review

---

[2] In addition to the docket number and caption of C.A. No. 16-7E, these proposed amended complaints also bear the docket numbers and captions of Plaintiff's other cases.

2

### 1) The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. See 28 U.S.C. §1915(e)(2); 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief maybe be granted, or seeks momentary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). This action is subject to *sua sponte* screening for dismissal under both statutes because Plaintiff is seeking to proceed in forma pauperis and seeking redress from governmental officers and employees.

The PLRA establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a § 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

3

baseless." Neitzke, 490 U.S. at 327. In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See id. at 194 n.1. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. (internal citation omitted).Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed. Appx 77, 79 n.2 (3d Cir. 2012*)* ("As a procedural matter, therefore, the District Court should have addressed Jackson's [ *in forma pauperis* ] motion before dismissing the complaint as frivolous, rather than deny the [ *in forma pauperis* ] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx 358, 359 (3d Cir.2011) ("When a complaint is submitted along with an [ *in forma pauperis* ] application, the complaint is not deemed filed unless and until [ *in forma pauperis* ] status is granted. [ ... ] in that situation, the District Court must first rule on the [*in forma pauperis* ] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or

4

claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of either of these two statutes, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply

the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation omitted). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

### C. Assessment of Plaintiff's motion for leave to proceed in forma pauperis

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this case. Based upon this averment, as well as the institutional account statement, I find that Plaintiff is without sufficient funds to pay the costs and fees of this proceeding, and accordingly, his motion for leave to proceed *in forma pauperis* should be granted.

### D. Assessment of Plaintiff's amended complaint

Even liberally construing the factual allegations of the complaint, much of this action should be dismissed as frivolous.

*The claims against Defendants Colville, Zapalla, Capristo, Streily, Kaye, Dugan, Wabby, Prehus, Ivory, Brown, and Mericli*

These Defendants are identified as Assistant District Attorneys of Allegheny County who participated in Plaintiff's conviction. The claims against them should be dismissed as frivolous as these individuals are entitled to prosecutorial immunity.

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from § 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.3d 990, 993 (3d Cir. 1980). Prosecutors are even absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. See Imbler. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 454 U.S. at 431, n.33.

*The claims against Defendant Brennan*

Defendant Brennan is identified as a public defender who participated in Plaintiff's defense. The claims against him should be dismissed as frivolous.

In order to state a claim under § 1983, Plaintiff must demonstrate that the challenged conduct was committed by (i) a person acting under color of state law and (ii) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 541 U.S. 527, 535 (1981) overruled in part on other grounds by Daniel v. Williams, 474 U.S. 327, 330-31 (1986); Groman v. Twp. Of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).When a public defender performs a lawyer's traditional functions as counsel in criminal proceedings, he does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312 (1981); Stankowski v. Farley, 487 F.Supp.2d 543, 549 (M.D. Pa. 2007) (public defender not a state actor).

7

*The claims against Defendants Dr. Rozin, Police Officer Glenn,*

*and Detectives Wolfson and Foote*

Plaintiff alleges that these Defendants conspired with the District Attorney Defendants and the Public Defender Defendant to deprive him of his right to the effective assistance of counsel at trial.[3]

Plaintiff's claims against these Defendants should be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. at 477 (1994)] and its progeny. In Heck, the Supreme Court held that a state prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. The Court has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, there is no allegation that Plaintiff's underlying criminal conviction has been reversed or set aside. A finding by this Court that Defendants violated Plaintiff's constitutional

---

[3] To the extent that Plaintiff seeks the reversal of his criminal conviction, such a remedy is not available to him by way of a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). A prisoner may seek federal habeas relief if he is in state custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom).

8

rights during the trial and subsequent conviction would "necessarily imply the invalidity" of that conviction. Accordingly, Plaintiff's claims against these Defendants are precluded by Heck.

III. CONCLUSION

For the foregoing reasons, it is hereby recommended that the motions for leave to proceed *in forma pauperis* [ECF No. 2; ECF No. 4; ECF No. 8; ECF No. 11; ECF No. 21; and ECF No. 22] are GRANTED. It is further recommended that the claims against Defendants Colville, Zapalla, Capristo, Streily, Kaye, Dugan, Wabby, Prehus, Ivory, Brown, Mericli, Brennan, Dr. Rozin, Glenn, and Detectives Wolfson and Foote be dismissed as frivolous.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Extensions of time will not be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 13, 2016