UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD CARTER, | ) | |
| *Plaintiff*, | ) | CA. NO. 16-7 Erie |
| v. | ) | |
| | ) | ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING DEFENDANTS COLVILLE, ZAPALLA, CAPRISTO, STREILY, KAYE, DUGAN, WABBY, PREHUS, IVORY, BROWN, MERICLI, BRENNAN, ROZIN, GLENN, WOLFSON, FOOTE |
| KATHLEEN KANE, et al., | ) | |
| *Defendants*. | ) | |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed the Report and Recommendation of the Honorable Susan P. Baxter, United States Magistrate Judge, Plaintiff's Objections thereto, and the balance of the record, does hereby find that:

(1) Plaintiff alleges a myriad of constitutional and civil rights claims, beginning with his arrest in 1995. He named seventy-four individuals and entities as Defendants to his action. Plaintiff moved to proceed *in forma pauperis*, and as part of that screening process, the Magistrate Judge identified several deficiencies in the

1

Complaint. Accordingly, the Magistrate Judge directed Plaintiff to file an amended complaint. After several false starts and further instruction from the Magistrate Judge, Plaintiff filed the operative amended complaint on May 9, 2016. The amended complaint is fifty-six pages in length, adds multiple new Defendants, and suffers from many of the same deficiencies previously outlined by the Court. However, because Plaintiff has been given two opportunities to amend his complaint, the Magistrate Judge accepted the amended complaint as is.[1] In the Report and Recommendation, the Magistrate Judge recommends that this Court grant Plaintiff's motion to proceed *in forma pauperis*, but also dismiss many of the claims against many of the named Defendants;

(2) This Court has reviewed Plaintiff's motion for leave to proceed *in forma pauperis*. In it, he avers that he is unable to pay the filing fee associated with this case. He also submitted an institutional account statement that substantiates his claim. Therefore, this Court will adopt the Magistrate Judge's recommendation that Plaintiff's motion to proceed *in forma pauperis* be granted;

(3) Likewise, this Court agrees that the claims against Defendants Colville, Zapalla, Capristo, Streily, Kaye, Dugan, Wabby, Prehus, Ivory, Brown, and Mericli must be dismissed. Each of these Defendants is identified in the amended complaint as Assistant District Attorneys of Allegheny County who participated in Plaintiff's conviction. A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from § 1983 money damages. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976);

---

[1] In addition, since filing this case, Plaintiff has filed six other cases in this Court, Case Nos.: 16-31, 16-32, 16-33, 16-34, 16-35, and 16-36.

(4) Similarly, the § 1983 claims against Defendant Brennan must be dismissed. Defendant Brennan is identified as a public defender who participated in Plaintiff's defense. In order to state a claim under § 1983, Plaintiff must demonstrate, among other things, that Defendant Brennan acted under the color of state law. *Parratt v. Taylor*, 541 U.S. 527, 535 (1981) *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327, 330-31 (1986). When a public defender performs a lawyer's traditional functions as counsel in criminal proceedings, he does not act under the color of state law. *Stankowski v. Farley*, 487 F. Supp. 2d 543, 549 (M.D. Pa. 2007) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."));

(5) In addition, the claims against Defendants Rozin, Glenn, Wolfson, and Foote must be dismissed pursuant to the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), at its progeny. In *Heck*, the Supreme Court held that a state prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence … unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. The Court summarized this so-called "favorable termination requirement" by explaining that a state prisoner's § 1983 action is barred—no matter the relief sought and no matter the target of the prisoner's suit—if success in that action would necessarily demonstrate the invalidity of

3

confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, there is no allegation that Plaintiff's underlying criminal conviction has been reversed or set aside. A finding by this Court that Defendants violated Plaintiff's constitutional rights in the manner alleged would "necessarily imply the invalidity" of that conviction. Accordingly, Plaintiff's claims against these Defendants must be dismissed;

(6) The Court has reviewed Plaintiff's Objections to the Report and Recommendation and nothing contained therein persuades the Court that a different outcome is warranted. The Objections are difficult to decipher, but it appears that Plaintiff failed, entirely, to address the legal basis on which the Magistrate Judge made her recommendations;

(7) Based on the foregoing, the Court HEREBY ADOPTS the Report and Recommendation;

(8) Plaintiff's motion to proceed *in forma pauperis* is GRANTED;

(9) Defendants Colville, Zapalla, Capristo, Streily, Kaye, Dugan, Wabby, Prehus, Ivory, Brown, Mericli, Brennan, Rozin, Glenn, Wolfson, and Foote are HEREBY DISMISSED; and

(10) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 12th day of September, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge

4