UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

HOWARD CARTER,)
)
    *Plaintiff*,)    CA. NO.    16-7 Erie
)
v.)
)    ORDER DENYING MOTION
)    FOR STAY OR INJUNCTION
)    PENDING APPEAL
)
)
KATHLEEN KANE, et al.,)
)
)
    *Defendants*.)
)
)

Before the Court is Plaintiff Howard A. Carter's Motion for Stay or Injunction Pending Appeal. Dkt. No. 36. Unfortunately, unlike the relatively straight-forward title of the motion, the actual text of the pleading is far from clear as to what relief Plaintiff seeks. Plaintiff has appealed this Court's adoption of Magistrate Judge Baxter's report and recommendation that Plaintiff be granted *pro se* status and that several defendants be dismissed from this case for failure to state a claim. *See* Dkt. No. 34. As such, it would seem that Plaintiff is asking this Court to stay the instant proceeding pending the Third Circuit's resolution of that appeal.

1

However, in the motion, Plaintiff alleges that "[t]he last motion filed [crossed out mark] mailed on 9/12/16 was not afforded relief requested + the reasons given was case closed." Dkt. No. 36 at 1. Plaintiff then goes on to state that "[a]ll reasons for relief was addressed + all facts was attached to motion to vacate and release" and that "the record filed by the district clerk will constitute the record on appeal." *Id*. at 1-2. Plaintiff then references "Rule 54" and states that "[d]emand for Judgment relief to be granted a default judgment must not differ in kind from or exceed in amount what is demanded in the pleadings." *Id*. at 2.

The Court has reviewed the record of this case. There is no motion that was filed on September 12, 2016. Plaintiff did file a motion on September 15, 2016 "[p]ursuant to Rule 16 and 27," which was denied by the Magistrate Judge on September 26, 2016 as premature because the Defendants in this case had not yet been served. *See* Dkt. Nos. 29 and 34. While the September 15 Motion was filed in close proximity to September 12, it does not appear to be the motion to which the instant motion is referring. Recall, Plaintiff contends that the motion he is appealing was dismissed because the case is closed; the September 15 Motion was dismissed because the Defendants had not yet been served.

In addition, as mentioned above, Plaintiff did appeal this Court's adoption of Magistrate Judge Baxter's report and recommendation. However, once again, it does not appear that the order adopting the report and recommendation is the motion to which the instant motion is referring. First, it is an order, not a motion, and second, the grounds for adopting the report and recommendation were that Plaintiff had failed to state a claim against several of the Defendants, not that the "case [was] closed." Dkt. No. 28.

"Principles requiring generous construction of *pro se* complaints are not ... without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S.

2

1088, (1986). Even *pro se* plaintiffs have minimum pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) *abrogated on other grounds by Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc). District courts are "not require[d] to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments[.]" *Beaudett*, 775 F.2d at 1278. Requiring the court to do this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. As set forth above, this Court is unable to ascertain the relief that Plaintiff seeks from his motion. Accordingly, the motion is HEREBY DENIED.

Dated this 28th day of October, 2016.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge