# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD A. CARTER, | ) | |
| Plaintiff, | ) | Civil Action No. 16-7ERIE |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| KATHLEEN KANE, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that Defendants Cerwin, Pettri, Cho, Cherck and Randolph be dismissed from the instant action due to Plaintiff's failure to prosecute.

### II. REPORT

This civil rights action was filed in this Court on January 7, 2016. Since the filing of this action, this Court has ordered Plaintiff to provide USM285 forms for each of the named Defendants on three occasions. See ECF No. 9; ECF No. 44; ECF No. 48. As of today's date, Plaintiff has failed to submit USM285 forms for Defendants Cerwin, Pettri, Cho, Cherck and Randolph. Although Plaintiff maintains that he has submitted over 105 USM285 forms, this Court has not received any forms on these five Defendants.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

1

discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal these Defendants from this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case against these five Defendants. This case is eleven months old, yet Plaintiff has not taken the initial steps to serve these Defendants. Without the USM285 forms for service, this case cannot proceed against these Defendants. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim against these Defendants, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, Defendants Cerwin, Pettri, Cho, Cherck and Randolph should be dismissed from this case due to Plaintiff's failure to prosecute.

### III.  CONCLUSION

It is respectfully recommended that that Defendants Cerwin, Pettri, Cho, Cherck and Randolph be dismissed from the instant action due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto.

2

See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  November 22, 2016