UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

HOWARD CARTER,  )
 )
    *Plaintiff*, )   CA. NO.    16-7 Erie
 )
v. )
 ) ORDER ADOPTING REPORT
 ) AND RECOMMENDATION
 ) AND DISMISSING CASE
 )
 )
KATHLEEN KANE, *et al*., )
 )
 )
    *Defendants*. )
 )
_____)

## I.    INTRODUCTION

Currently before the Court is the Report and Recommendation of Magistrate Judge Susan P. Baxter. Dkt. No. 148. Plaintiff timely filed objections to the Report and Recommendation. Dkt. No. 150. Having reviewed the Report and Recommendations, the Objections thereto, the record of this case, and the relevant legal authorities, the Court will adopt the recommendations of Magistrate Judge Baxter. The reasoning for the Court's decision is set forth below.

## II. BACKGROUND

Plaintiff is a *pro se* inmate who currently resides at SCI-Fayette. Plaintiff initiated this lawsuit in January 2016 when he filed a motion for leave to proceed *in forma pauperis*. Dkt. No. 2. That filing seemingly opened the floodgate for Plaintiff, as since then, he has filed multiple motions as well as six additional civil suits. Plaintiff's pleadings are characterized by the following, they are: (1) voluminous, (2) sweeping, (3) comprised of broad, conclusionary statements that are not supported by specific factual allegations, and (4) extremely difficult to decipher.[1] Nevertheless, Magistrate Judge Baxter, being cognizant of Plaintiff's *pro se* status, repeatedly granted Plaintiff the opportunity to correct the pleading and/or procedural errors. *See*, *e.g.*, Dkt. Nos. 3, 9, 16, 44, and 48. Despite these opportunities, Plaintiff has continued to flout Magistrate Judge Baxter's instructions and the pleading requirements of Federal Rules of Civil Procedure.

The current operative complaint, the Second Amended Complaint (Dkt. No. 30), names more than 70 Defendants from at least six correctional institutions and alludes to events or conditions from 1994 through 2016. *See* Dkt. No. 30. The rambling and disjointed narrative in the Second Amended Complaint remains virtually impossible to follow and falls far short of the requirements of Federal Rules of Civil Procedure 8, 10 and 20. Accordingly, Magistrate Judge Baxter recommends the following: (1) Defendants Coleman, Kane, and Randolph's motion to dismiss (Dkt. No. 86) be granted, (2) the Second Amended Complaint be dismissed as to all Defendants, (3) the remaining Defendants' motions to dismiss (Dkt. Nos. 103, 118, 120, and

---

[1] By way of example, Plaintiff's first amended complaint (Dkt. No. 14) consisted of 124 handwritten pages (excluding another 29 pages of exhibits) that asserted a myriad of constitutional and civil rights claims against 74 Defendants for alleged conduct that began with his arrest and conviction in 1995 and continued through January 2016.

2

127) be dismissed as moot, and (4) Plaintiff's outstanding motions (Dkt. Nos. 88, 99, 100, 113, 134, and 137) be dismissed. Dkt. No. 148.

### III. DISCUSSION

#### A. Standard of Review

"*Pro se* pleadings, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Miller v. Sauers*, 2012 WL 3294947, *1 (W.D. Pa. July 24, 2012) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972)). Moreover, the Third Circuit has cautioned that courts must be especially "flexible when dealing with imprisoned *pro se* litigants" because they have limited access to resources "to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina*, 704 F.3d 239, 244-45 (3d Cir. 2013). However, *pro se* litigants, whether incarcerated or not, are not free to ignore the Federal Rules of Civil Procedure. *Id*. at 245 ("At the end of the day, [imprisoned *pro se* litigations] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."); *Washington v. Folino*, 2014 WL 11497963, *4 (W.D. Pa. March 4, 2014) ([P]ro se litigants, whether incarcerated or not, are not free to ignore the Federal Rules of Civil Procedure.").

Federal Rule of Civil Procedure 8(a) requires a short and plain statement of the claim "showing that the pleader is entitled to relief." This rule is violated when the factual allegations and elements of the claim are scattered throughout the complaint. *See, e.g. Burton v. Peartree*, 326 F. Supp. 755, 758-59 (E.D. Pa. 1971). In addition Federal Rule of Civil Procedure 10(b) requires that "each claim founded on a separate transaction or occurrence ... must be stated in a separate count" if doing so would promote clarity. *Walker v. Wentz*, 2008 WL 450438, *5 (M.D. Pa. Feb. 15, 2008) (*citing Boyer v. LeHigh Valley Hosp*., 1990 WL 94038, at *7 (E.D. Pa.)). The use of separate counts becomes increasingly important when a plaintiff files suit against multiple

of defendants and alleges various claims against each. *Id.*, (*citing Grew v. Hopper*, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008)); *Folkman v. Roster Fin. LLC*, 2005 WL 2000169, at *4 (D.N.J. Aug. 16, 2005).

**B.     Analysis**

In this instance, Plaintiff has utterly failed to meet even the relaxed pleading standards applicable to *pro se* pleadings. The Second Amended Complaint contains no counts and seems to be a compilation of various previously filed complaints. Plaintiff jumps back and forth with dates and issues, so that it is extremely difficult to identify claims or discern which Defendant is involved or how. As the Second Amend Complaint currently stands, with over 200 paragraphs, these Defendants are unable to draft a meaningful responsive pleading without speculating about what Plaintiff may be trying to say. Defendants cannot begin to determine what the issues are, when they occurred, who was involved, and whether Plaintiff exhausted his claims. Neither the Defendants nor this Court should be required to interpret and search through such a rambling diatribe in order to speculate or craft the contours of the claims at issue.

The Court has reviewed Plaintiff's Objections to Magistrate Judge Baxter's Report and Recommendation. Dkt. No. 150. The Objections do not address the issues raised in Defendants' motion to dismiss nor those raised by the Report and Recommendation. Instead Plaintiff once again asserts blanket, conclusory allegations against all of the Defendants, without specifying specific factual allegations, dates associated with those allegations, or which specific Defendants are subject to the allegations. Plaintiff has been repeatedly given instructions and opportunities by this Court to cure the plethora of errors in his complaint and amended complaints, but has failed to do so. More importantly, it is clear from the Second Amended Complaint that virtually all of Plaintiff's claims, such that they can be parsed out, are time barred or otherwise without

4

merit, making the filing of more complaints futile.[2] Plaintiff has already needlessly and basely consumed far too much of the federal judiciary's limited resources, as well as those of the Defendants. It is time for this senseless waste of resources to stop.

## V. CONCLUSION

Based on the foregoing, this Court HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Baxter (Dkt. No. 148) and RULES as follows:

(1) Defendants Coleman, Kane, and Randolph's motion to dismiss the Second Amended Complaint (Dkt. No. 86) is GRANTED;

(2) The Second Amended Complaint is DISMISSED;

(3) The remaining outstanding motions (Dkt. Nos. 88, 99, 100, 113, 118, 120, 127, and 137) are STRICKEN as MOOT; and

(4) The case is HEREBY CLOSED.

Dated this 8th day of February 2018.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] Further evidence of this is the Third Circuit's recent summary affirmation of this Court's September 12, 2016 order dismissing sixteen Defendants because Plaintiff failed to state a claim against them as a matter of law and/or only stated "conclusory allegations" that did not establish a claim against the Defendants. Dkt. No. 149, Ex. 1 at 5.

5